# EXHIBIT B

# Advisory Council On Historic Preservation

The Old Post Office Building
1100 Pennsylvania Avenue, NW. #809
Washington, DC 20004

## PROGRAMMATIC AGREEMENT
## AMONG
## THE GENERAL SERVICES ADMINISTRATION'S
## NATIONAL CAPITAL REGION,
## THE DISTRICT OF COLUMBIA STATE HISTORIC PRESERVATION OFFICER,
## AND
## THE ADVISORY COUNCIL ON HISTORIC PRESERVATION
## REGARDING
## MAINTENANCE AND REHABILITATION OF HISTORIC BUILDINGS

WHEREAS, the General Services Administration's National Capital Region (GSA-NCR) owns, manages or administers buildings in the District of Columbia, including buildings listed on, and eligible for inclusion in, the National Register of Historic Places (historic buildings); and

WHEREAS, GSA-NCR has completed a comprehensive evaluation of the inventory of buildings under its jurisdiction and control and has determined that the buildings included in Appendix I are listed on, or are eligible for inclusion in, the National Register of Historic Places (Register); and

WHEREAS, GSA-NCR has completed Historic Structures Reports (HSRs) and Historic Building Preservation Plans (HBPPs) for many of the buildings in Appendix I that identify character-defining materials, spaces and features and that detail preservation treatments and provide contract specifications for routine maintenance, rehabilitation, repair and alteration projects that may be performed therein; and

WHEREAS, GSA-NCR has determined that its program of maintenance and rehabilitation of historic buildings (maintenance and rehabilitation program) may effect these historic buildings, and has consulted with the District of Columbia State Historic Preservation Officer (DC-SHPO) and the Advisory Council on Historic Preservation (Council) pursuant to Section 800.13 of the Council's regulations ("Protection of Historic Properties," 36 CFR Part 800) implementing Section 106 of the National Historic Preservation Act of 1966, as amended (16 U.S.C. 470f);

2

NOW, THEREFORE, GSA-NCR, the DC-SHPO and the Council agree that the maintenance and rehabilitation program, and other routine repair and alteration projects specified in this Agreement which may be carried out pursuant to the terms of this Agreement, shall be executed in accordance with the following stipulations to satisfy GSA-NCR's Section 106 responsibilities for all individual maintenance, rehabilitation, routine repair and alteration projects performed to historic buildings.

## STIPULATIONS

A. **Historic Buildings To Which This Agreement Pertains**

   1. **Appendix I:** Appendix I lists all buildings in the District of Columbia which are under the jurisdiction and control of GSA-NCR and which are now known to be listed on, or considered eligible for inclusion in, the Register. Said list includes the historic name (and, where different, the current name) of the building, its address or location, its approximate construction date, an indication, where known, of whether or not the building is included in an historic district (and, where known, whether or not said building is a contributing or non-contributing element to that historic district), and an indication of whether the building is actually listed on, or has been considered eligible for inclusion in, the Register. This Agreement is understood to apply to all buildings in Appendix I, unless otherwise limited herein.

   2. **Changes to Appendix I:**

      (a) **Deletions:** Should GSA-NCR determine, in accordance with 36 CFR Part 800.4(c), that a building included in Appendix I is determined to be ineligible for inclusion in the Register then the terms of this Agreement shall no longer apply to such building; GSA-NCR shall notify the DC-SHPO and the Council of such a finding and submit to the DC-SHPO and the Council a revised Appendix I reflecting this change.

      (b) **Additions:** Whenever GSA-NCR proposes to acquire or assume management responsibilities for a building or site within the District of Columbia, GSA-NCR shall promptly comply with 36 CFR Part 800 with respect to its acquisition. If a building so acquired is determined, in accordance with 36 CFR Part 800.4(c), to be eligible for inclusion in the Register, GSA-NCR will consult with the DC-SHPO and the Council to determine whether the terms of this Agreement shall apply to the management of

3

the building. If the consulting parties agree to the applicability of the terms of this Agreement to the management of the building, GSA-NCR shall provide to the DC-SHPO and the Council a revised Appendix I reflecting this change.

3. **Exclusions:** The Advisory Council recognizes the Old Executive Office Building as part of "the White House and its grounds" pursuant to Section 107 of the National Historic Preservation Act of 1966, as amended (16 U.S.C. 470g) and thus is excluded from the terms of this Agreement.

B. **Historic Preservation Staff**

1. **Professional qualifications:** GSA-NCR shall employ a Regional Historic Preservation Officer and staff (hereinafter "historic preservation staff") who collectively meet the professional qualifications standards enumerated within the Secretary of the Interior's Standards and Guidelines for Archeology and Historic Preservation (48 Fed. Reg., p. 44738-39; September 29, 1983).

2. **Compliance responsibility:** GSA-NCR shall assign to the historic preservation staff the responsibility of managing its compliance with the terms of this Agreement.

3. **Review by historic preservation staff:** GSA-NCR shall ensure that its historic preservation staff reviews and approves all routine maintenance, rehabilitation, repair and alteration projects planned for any building included in Appendix I, except as provided in Stipulation B.3.(a) and B.3.(b). Historic preservation staff review will be undertaken at the earliest stages in planning, and may extend through the life of a project.

   (a) **Delegated buildings:** GSA-NCR has entered into an agreement with the tenant agencies of certain buildings included in Appendix I delegating to the tenant agencies management and administration responsibilities for recurring repairs (delegated buildings). GSA-NCR shall ensure that the building managers of the delegated buildings are familiarized with the terms of this Agreement, and shall ensure to the maximum extent feasible that all routine maintenance, rehabilitation, repair and alteration projects planned for any delegated building are carried out in a manner consistent with the terms of this Agreement.

4

(b) **Review by preservation consultant:** In lieu of, or as an adjunct to, review by the historic preservation staff, GSA-NCR may elect to have certain projects reviewed by preservation consultants who shall act for the historic preservation staff in carrying out the historic preservation staff's responsibilities. GSA-NCR will allow such review to be performed by a consultant only with historic preservation staff oversight, and only when the historic preservation staff certifies in writing to the proponent unit of GSA-NCR that the consultant meets the professional qualifications for their speciality pursuant to Stipulation B.1. and is thus qualified to carry out the review.

C. **General Standards for Maintenance and Rehabilitation Projects**

1. **Secretary of the Interior's Standards:** GSA-NCR shall ensure that historic buildings included in Appendix I will be maintained and rehabilitated in accordance with the recommended approaches in the Secretary of the Interior's Standards for Rehabilitation and Illustrated Guidelines for Rehabilitating Historic Buildings (National Park Service, 1992).

2. **Preservation specification database:** GSA-shall ensure that historic buildings included in Appendix I will be maintained and rehabilitated in accordance with the recommended approaches in the preservation specification database cooperatively produced by GSA and the National Park Service.

3. **Development of HSRs and HBPPs:** GSA-NCR shall ensure that the recommended procedures set forth in the HSRs and HBPPs are consistent with the standards outlined in Stipulation C.1. and C.2. In the HSRs and HBPPs, interior and exterior areas of historic buildings will be divided into restoration (preservation 1 & 2), rehabilitation, and renovation (free) zones as defined below, and will be treated accordingly by GSA-NCR in the planning and execution of projects which may affect character-defining features of the buildings.

    (a) **Restoration (preservation 1 & 2) zones:** These interior and exterior areas are of special architectural significance and should be restored as nearly as possible to their original form and condition. Exterior facades generally visible to the public will be treated as restoration zones; facades not generally visible to the public, such

5

as those facing alleys, courtyards and service bays may be zoned as rehabilitation zones.

(b) **Rehabilitation zones**: These areas are of lesser importance but contain significant architectural details which should be retained or restored as part of any overall repair or alteration projects.

(c) **Renovation (free) zones**: These areas are not considered integral parts of the significant character-defining historic fabric of the historic building of which they are a part, and may be altered as long as these alterations do not have any adverse impact on restoration or rehabilitation areas.

D. Project Review for Buildings Listed in Appendix I

1. Projects **Excluded** from Review by the DC-SHPO and the Council in Appendix I Buildings: GSA-NCR may carry out projects listed below without further review pursuant to 36 CFR Part 800, provided that GSA-NCR ensures that they are reviewed as provided in Stipulation B.3. and that they are carried out in a manner consistent with the standards set forth at Stipulation C:

    (a) non-decorative painting;

    (b) wood refinishing and restoration;

    (c) cleaning and waxing floors;

    (d) masonry cleaning, repair, and repointing;

    (e) repairs to historic windows using in-kind materials, but not including window replacement;

    (f) roof repair, including repair or replacement of non-historic flat roofs; maintenance-level repair in-kind of historic roofing materials (comprising less than ten square feet);

    (g) landscaping in previously landscaped or otherwise disturbed areas where there is no evidence that archeological resources may be present, including in-kind paving repair, and minor plant removal and replacement in landscaped areas visible to the public;

    (h) Installation of antennas not visible from public space (verified by scaled sight-line study) and not anchored to historic materials.

6

2. **Projects Not Excluded from Review by the DC-SHPO and the Council in Appendix I Buildings:** GSA-NCR shall ensure that any project which consists of an interior or exterior alteration not otherwise excluded from review pursuant to Stipulation D.1. and which affects a building included in Appendix I, but not included in Appendix III (Stipulation E.2.(b)), will be reviewed in accordance with 36 CFR Part 800.

3. **Oversight of projects in Appendix I Buildings:** GSA-NCR historic preservation staff will provide training for all building management staff as necessary, in addition to telephone consultation and site visits, to ensure that projects carried out pursuant to this Stipulation comply with the standards for maintenance and rehabilitation listed in Stipulation C.

E. **Management in Accordance with Accepted HSRs and HBPPs**

1. **HSRs/HBPPs completed to date:** Appendix II lists all historic buildings included in Appendix I for which GSA-NCR has completed HSRs or HBPPs in accordance with GSA guidelines (ADM 1020.1, "Procedures for Historic Properties," issued 8/20/82) as of the date of the execution of this Agreement. GSA-NCR may amend Appendix II by notifying the DC-SHPO and the Council and by providing to the DC-SHPO and the Council a revised Appendix II reflecting this amendment.

2. **Review of HSRs/HBPPs by DC-SHPO:**

    (a) In order to exclude certain projects from review by the DC-SHPO and the Council, GSA-NCR shall provide to the DC-SHPO a copy of those HSRs or HBPPs listed in Appendix II for their review. The DC-SHPO shall review HSRs and HBPPs in order to evaluate GSA-NCR's analysis of the identification and evaluation of the significant materials, features and areas of the historic buildings, their original appearance and present condition, the appropriateness of the preservation zones that have been applied to the interior and exterior of the building, and the specifications enumerated for the preservation or rehabilitation of character-defining features and spaces.

    (b) Should the DC-SHPO concur with the findings enumerated within the HSR or HBPP, the DC-SHPO shall notify GSA-NCR and the Council of their concurrence. GSA-NCR shall provide to the DC-SHPO and the Council a listing of those HSRs or HBPPs which have been reviewed and accepted by the DC-

7

        SHPO; said listing shall be appended to this Agreement as Appendix III.

   (c)  Should the DC-SHPO object to the findings enumerated within an HSR or HBPP, the DC-SHPO shall specify the standards upon which its objection is based. GSA-NCR may request from the Council a determination of whether the HSR or HBPP qualifies for inclusion in Appendix III and the standards upon which it has based its determination that the HSR or HBPP should be included in Appendix III. Should the Council determine that the HSR or HBPP should be included in Appendix III, GSA-NCR shall include the HSR or HBPP in Appendix III. Should the Council determine that the HSR or HBPP should not be included in Appendix III, GSA-NCR, the DC-SHPO and the Council shall consult pursuant to Stipulation I.

   (d)  The DC-SHPO shall retain a copy of the HSR or HBPP for their reference. GSA-NCR will provide updated information to the DC-SHPO for inclusion in their copy of the HSR or HBPP as it becomes available.

3. Projects *consistent* with HSR/HBPP recommendations: GSA-NCR will ensure that maintenance, rehabilitation and related management activities carried out on or in an historic building included in Appendix III will be in accord with the recommended approaches in that historic building's HSR or HBPP, are reviewed in accordance with Stipulation B.3., and need not submit such activities for review by the DC-SHPO or the Council pursuant to 36 CFR Part 800.

4. Projects *inconsistent* with HSR/HBPP recommendations: GSA-NCR will ensure that maintenance, rehabilitation and related management activities carried out on or in an historic building included in Appendix III that is not in accord with the recommended approaches in that historic building's HSR or HBPP will be reviewed in a timely manner in accordance with 36 CFR Part 800, unless said project would otherwise be excluded from review pursuant to Stipulation D.

5. Projects *not delineated* in HSR/HBPP recommendations but *excluded from review* by the DC-SHPO and the Council: GSA-NCR may carry out projects listed below on or in an historic building included in Appendix III without further review pursuant to 36 CFR Part 800, provided that GSA-NCR ensures that they are reviewed as provided in Stipulation B.3. and that they are carried out in a manner consistent with the standards set forth at Stipulation C:

8

(a) heating, ventilation and air conditioning systems repairs, or plumbing and electrical repairs which will not alter historic fixtures or finishes or affect restoration zones;

(b) alterations whose effects are confined to renovation zones as defined in Stipulation C.3.(c); such alterations may include the installation of a suspended ceiling in a non-decorative office space [so long as long as it does not alter windows, the fundamental relationship of the window to the wall and/or ceiling, or views into or out of the space through the windows] or the installation of non-electrified anti-roosting bird deterrence system or anti-roosting bird netting in courtyards or service areas;

(c) elevator upgrades, where the following conditions can be met:

   (1) historic elevator cab finishes and hardware will be retained and restored where they exist;

   (2) new code-complying hardware and signage shall be compatible in materials and design and shall be installed with minimal disruption of historic fabric;

   (3) GSA-NCR will replicate non-extant historic elevator cabs in significant public spaces identified as restoration zones; when funding constraints preclude replication of all elevator cabs in a building's restoration zones, GSA may elect selective cab replication, based on the relative visibility, significance, and architectural integrity of the elevators and elevator lobbies being upgraded; replication will be based on the original historic designs, when available, and will be consistent with code and other applicable requirements; where code or other requirements prohibit replication, contemporary designs sympathetic with existing building fabric and finishes will be used; and,

   (4) in rehabilitation and renovation zones, non-extant historic elevator cabs will be replaced with contemporary cabs designed to be sympathetic with existing fabric and

finishes;

(d) Fire alarm detection/suppression upgrades where the following conditions can be met:

    (1) new installations will be located on flat undecorated plaster;

    (2) New alarm pull stations that must be located along a wall with a decorative stone, metal, wood or ceramic surface will be installed on a freestanding pedestal or on the wall without cutting a new penetration in the historic material;

    (3) wiring will be concealed in the walls and ceilings; piping will be concealed in wall and ceiling chases or, where this is not possible, will be run through adjoining rehabilitation or renovation zones;

    (4) in restoration zones, ceilings will not be dropped to conceal systems;

(e) handicap accessibility modifications where the following conditions can be met:

    (1) the modification is carried out in restoration zones and is limited to the installation of temporary ramps which will remain in place for a period not to exceed 1 year; and

    (2) the modification only affects rehabilitation and renovation zones and is incidental to other building system upgrades and does not alter historic design or finishes, other than relocation of system components to wall heights mandated by the Uniform Federal Accessibility Standards (41 CFR Part 101-19.6, Appendix A).

6. Projects **not delineated** in HSR/HBPP recommendations which **must be reviewed** by the DC-SHPO and the Council: GSA-NCR shall ensure that any project which consists of an interior or exterior alteration not otherwise listed above, and which affects a building included in Appendix III, will be reviewed in accordance with 36 CFR Part 800.

10

F.  **Notification and Consultation Concerning Certain Non-Routine Projects**

   1. Notification: GSA-NCR shall notify the DC-SHPO when planning for projects of the following types is initiated within GSA-NCR and shall initiate consultation with the DC-SHPO at the earliest feasible stage in planning:

      (a) window replacement;

      (b) exterior alterations not included in Stipulation D. or E. and proposed for buildings included in Appendix I, including, but not limited to, projects such as installation of permanent ramps and lifts, canopies, elevator penthouse changes, alteration of window or door openings, removal of major landscaping features (such as mature trees), complete replacement of plantings or paving in areas visible to the public, installation of building systems visible to the public, installation of play equipment or antennas in areas visible to the public;

      (c) alterations to restoration zones in buildings included in Appendix III which permanently modify an historic spatial configuration, circulation pattern, or ornamental detailing;

   2. DC-SHPO and GSA-NCR consultation: Once GSA-NCR has initiated consultation with the DC-SHPO concerning the projects included in this Stipulation, the DC-SHPO has 30 days from the receipt of written notification and adequate documentation to object to GSA-NCR. Should DC-SHPO object to GSA-NCR, GSA-NCR will comply with 36 CFR Part 800 with respect to the project and its effect on historic properties. Should the DC-SHPO not object within 30 days from the receipt of written notification and adequate documentation, GSA-NCR may assume the concurrence of the DC-SHPO and may proceed.

   3. DC-SHPO and DC-SHPO representative: For the purposes of this Stipulation, consultation with, and the objection or concurrence of, the DC-SHPO may be provided by the DC-SHPO or by the Chief of the Historic Preservation Division of the Government of the District of Columbia.

G.  **Projects Not Covered By This Agreement**

   1. Projects not covered by this Agreement: Those projects which call for the construction of new buildings,

additions to historic buildings included in Appendix I, significant ground disturbance, or archeological investigation are not covered by this Agreement. GSA-NCR will comply with 36 CFR Part 800 with respect to each project.

2. **Non-Agreement project notification:** For those projects which are not otherwise subject to the terms of this Agreement but which are subject to review by the Commission of Fine Arts (CFA) or the National Capital Planning Commission (NCPC) and have the potential to affect historic properties located within the District of Columbia, GSA-NCR shall notify the DC-SHPO and the Council in writing when it has initiated discussion or consultation with CFA or NCPC staff concerning the project. Such notification shall include general information about the scope and nature of the project, its potential effect on historic properties, and the status of GSA-NCR's review of the project pursuant to compliance with Section 106 of the National Historic Preservation Act.

H. **Annual Report**

1. **Schedule and content:** On or before October 31 of each year, GSA-NCR shall prepare and provide to the SHPO and the Council an annual report addressing, at a minimum, the following topics:

    (a) a general summary of how this Agreement has been implemented during the preceding year;

    (b) a listing of projects reviewed and carried out in accordance with Stipulation D.;

    (c) a listing of projects reviewed and carried out in accordance with Stipulation E.;

    (d) a listing of projects reviewed internally and carried out in accordance with Stipulation F., with information as to the response of the DC-SHPO;

    (e) a summary of any problems or issues that have arisen in the course of the year;

    (f) GSA-NCR's assessment of the effectiveness of this Agreement; and

    (g) any recommendations GSA-NCR may have for improving the Agreement.

12

2.  **Public access:** GSA-NCR shall ensure that this annual report is made available for public inspection, that potentially interested members of the public are made aware of its availability, and that interested members of the public are invited to provide comments to GSA-NCR, the DC-SHPO and the Council regarding the maintenance and rehabilitation program and the effectiveness of this Agreement.

3.  **SHPO and Council comments:** At the request of the DC-SHPO or Council, GSA will provide access to reasonably available follow-up material, and will consult with the SHPO and/or Council as necessary to answer any questions about projects which are carried out pursuant to this Agreement and which are included in the annual report. At the request of any party to this Agreement, GSA-NCR will meet to address questions or comments that the DC-SHPO, the Council, or the public may wish to make. Based on this discussion, the parties to this Agreement will determine whether this Agreement will continue in force, be amended, or be terminated.

I.  **Dispute Resolution**

1.  **SHPO/Council objections:** Should the DC-SHPO or Council object to any action or decision of GSA-NCR pursuant to this Agreement or relating to its subject matter, GSA-NCR will consult with the objecting party to resolve the objection. If GSA-NCR or the objecting party determines that the objection cannot be resolved, GSA-NCR shall forward all documentation relevant to the dispute to the Council and request Council comment. Within 30 days after receipt of all pertinent documentation, the Council will either:

    (a) provide GSA-NCR with recommendations, which GSA-NCR will take into account in reaching a final decision regarding the dispute; or

    (b) notify GSA-NCR that it will comment pursuant to 36 CFR 800.6(b), and proceed to comment.

    Any Council comment provided in response to such a request will be taken into account by GSA-NCR in accordance with 36 CFR 800.6(c)(2) and Section 110(l) of the National Historic Preservation Act, as amended, with reference only to the subject of the dispute; GSA-NCR's responsibility to carry out all actions under this Agreement that are not the subjects of the objection will remain unchanged.

13

2. **Public objections:** At any time during implementation of the measures stipulated in this Agreement, should an objection to any such measure or its manner of implementation be raised by a member of the public, GSA-NCR shall take the objection into account and consult as needed with the objecting party, the DC-SHPO, or the Council to resolve the objection.

J. **Amendment**

Any party to this Agreement may propose to the other parties that it be amended, whereupon the parties will consult in accordance with 36 CFR 800.13 to consider such an amendment.

K. **Termination**

Any party to this Agreement may terminate it by providing sixty (60) days' notice to the other parties, provided that the parties will consult during the period prior to termination to seek agreement on amendments or other actions that will avoid termination. In the event of termination, GSA-NCR shall comply with 36 CFR Part 800 with regard to individual undertakings covered by this Agreement.

L. **Limitations on Expending and Obligating Funds**

In the event GSA-NCR is unable to fulfill the terms of a Stipulation of this Agreement due to the provisions of 31 U.S.C. 1341, GSA-NCR shall advise the DC-SHPO and the Council of its inability to comply with the Stipulation and shall ensure that it fulfills its obligations pursuant to 36 CFR Part 800. GSA-NCR's responsibility to fulfill its obligations for all other Stipulations of this Agreement that are not proscribed by the provisions of 31 U.S.C. 1341 will remain unchanged, unless the parties to this Agreement agree to amend or terminate the Agreement.

14

Execution and implementation of this Agreement evidences that GSA-NCR has satisfied and is satisfying its Section 106 responsibilities for all individual undertakings involving maintenance and rehabilitation of historic buildings under its jurisdiction and control in the District of Columbia.

_____      11/29/93
Administrator, National Capital Region      date
General Services Administration

_____      4/15/94
State Historic Preservation Officer      date
District of Columbia

_____      11-9-94
Chairman                                  date
Advisory Council on Historic Preservation