**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CULTURAL HERITAGE PARTNERS, PLLC, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL SERVICES ADMINISTRATION, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-03969-DLF |

**FEDERAL DEFENDANTS' RESPONSE TO THE COURT'S DECEMBER 8TH MINUTE ORDER REGARDING THE SUPPLEMENTAL DECLARATION OF MYDELLE WRIGHT AND PLAINTIFFS' ALLEGED PROCEDURAL INJURY**

During the December 8, 2025 hearing on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiffs presented the Court with a supplemental declaration from Mydelle Wright that is both legally impermissible and factually inaccurate. The Court indicated before the conclusion of the hearing that it would give Federal Defendants an opportunity to respond to the supplemental declaration in writing. Later that day, the Court issued a minute order directing Federal Defendants, in their forthcoming filing and any accompanying declaration, to indicate whether GSA further commits to "not issue solicitations for a contract, execute a contract, select a contractor, or draft design or construction drawings related to such work" on the Eisenhower Executive Office Building ("EEOB") before March 1, 2026. Minute Order (Dec. 8, 2025). The Court's minute order also instructed Federal Defendants to provide the Court with citations to any cases to support their position that Plaintiffs' alleged procedural injury alone does not qualify as imminent irreparable harm requiring a preliminary injunction. *Id.*

1

Pursuant to the Court's minute entry, Federal Defendants now file this response and the accompanying third declaration of Andrew Heller, Acting Commissioner of the Public Buildings Service, GSA. Third Decl. of Andrew Heller (Dec. 10, 2025) (attached as Ex. A).

Plaintiffs' newly proffered declaration has nothing to do with their allegations regarding painting the EEOB, and it was submitted by a former government employee who left GSA over 20 months ago. Further, contrary to the declaration, GSA is currently evaluating those assets not for demolition but for disposal—meaning conveyance out of federal ownership. And GSA has followed and continues to follow all statutes and regulations applicable to the disposal of federal property. *See, e.g.*, Ex A ¶¶ 8–11, 15. Beyond this, as correctly noted by the citations provided by the Court's December 8th minute order, procedural injury alone cannot support a preliminary injunction. This is even more true where the Court lacks jurisdiction due to Plaintiffs' failure to present an actual or imminent injury, a claim ripe for review, or final agency action. Finally, Plaintiffs' declarations improperly opine as to what NEPA and the NHPA require and offer expert testimony.

### I.    Ms. Wright's supplemental declaration is inaccurate and provides no support for the extraordinary remedy of a preliminary injunction.

As an initial matter, Ms. Wright's supplemental declaration is inaccurate and based on false assumptions. Ms. Wright speculates "upon information and belief," that "the White House, acting on its own and not through GSA, has solicited bids and/or is finalizing a bid package . . . to analyze and recommend for demolition four historic federal buildings in [the District of Columbia]." ECF No. 18-1 ¶ 2 (filed on the docket by Plaintiffs after the hearing at the Court's instruction). Not one of these buildings is implicated in this suit. Neither Plaintiffs' briefing nor the supplemental declaration itself provide a sufficient rationale to render the declaration relevant

to this suit. Rather, as with Ms. Wright's initial declaration, her supplemental declaration asks the Court to draw inferences about executive conduct based on speculation.

Even if the Court were to overlook the declaration's questionable relevance, it is not reliable. It is based on hearsay, not personal knowledge, and it is wrong. Ms. Wright retired from GSA in April 2024, *see* Ex. A ¶ 3, and thus has not been actively involved since that time as a federal government employee in any activities concerning the four buildings that she addresses in her declaration, *see* ECF No. 18-1 ¶ 2. All four are managed by GSA and are included in GSA's real estate portfolio. *See* Ex. A ¶¶ 4, 12–13. Contrary to Ms. Wright's allegations, GSA "is not demolishing those buildings." *Id.* ¶ 13. Rather, "GSA is currently in the process of conveying the four buildings out of federal ownership." *Id.* Moreover, in relation to all four buildings, GSA is currently in compliance with its obligations under the National Environmental Policy Act ("NEPA") and the National Historic Preservation Act ("NHPA") to the extent applicable. *Id.* ¶¶ 8–11, 15.

These inaccuracies in Ms. Wright's supplemental declaration follow other misstatements contained in her original declaration. ECF No. 16-5. For example, Ms. Wright's first declaration alleges an eleven-step "lawful process" that GSA *must follow* in relation to EEOB, *see id.* ¶ 51, yet she fails to cite anything in NEPA, NHPA, or GSA's regulations that mandate the process she envisions. The statutorily required process for NEPA compliance is laid out at 42 U.S.C. § 4321 et seq., and the statutorily required process for NHPA compliance is laid out at 54 U.S.C. § 300101 et seq. and its implementing regulations at 36 C.F.R. Part 800. That is where GSA looks to ensure its compliance, *see* Ex. A ¶¶ 8–9, and Ms. Wright's opinion on the proper process cannot supplant the text of the relevant statue. Plaintiffs have failed to show through Ms. Wright's declarations a justiciable dispute over whether the procedural requirements of NEPA

and the NHPA were triggered. Plaintiffs' allegations of legal violations and irreparable harm are based entirely on unfounded speculation as to what Federal Defendants may do in the future. Plaintiffs offer no actual evidence of agency action that would trigger NEPA or NHPA obligations, much less any final agency action that would give this court jurisdiction.

GSA has statutory authority pursuant to 40 U.S.C. § 3305 over changes to the exterior of the EEOB. ECF No. 15-1 ¶ 3. As of November 26, 2025, GSA committed not to proceed with any exterior cleaning, painting, or repointing at the EEOB prior to March 1, 2026. *Id.* ¶ 6. In response to the Court's December 8th minute order, GSA now additionally commits not to "issue solicitations for a contract, execute a contract, select a contractor, or draft design or construction drawings related to any power washing/cleaning, painting, and/or repointing of the exterior of the [EEOB] prior to March 1, 2026." Ex. A ¶ 16. These commitments affirm that the extraordinary remedy of preliminary injunctive relief is not warranted. Especially in light of these commitments, the speculation in Ms. Wright's declarations does not meet Plaintiffs' burden of showing irreparable harm.

## II.    Procedural injury alone does not provide the basis for a justiciable claim, much less preliminary injunctive relief.

Even if Ms. Wright's initial declaration had accurately laid out the lawful processes required under NEPA and the NHPA, Plaintiffs' alleged procedural injury of "the loss of NEPA and NHPA processes," ECF No. 16 at 31, is not alone enough to present a justiciable dispute, to satisfy the APA's threshold requirement of final agency action, or to qualify as imminent irreparable harm that could support a preliminary injunction. This is especially true in light of GSA's commitments as the agency with authority over the EEOB. The Court's December 8th minute order cites to two cases that directly support Federal Defendants' position on procedural injury. *See* Minute Order (Dec. 8, 2025) (citing *Fisheries Survival Fund v. Jewell*, 236 F. Supp.

3d 332, 336 (D.D.C. 2017) ("To establish irreparable harm under a NEPA claim, Plaintiffs must allege some concrete injury beyond the procedural injury caused by [the agency's] alleged failure to comply with NEPA when it conducted its environmental assessment . . . . Plaintiffs must present sufficient evidence that the purported injury is certain, great, actual, imminent, and beyond remediation."), and *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 327 (D.D.C. 2018) ("Courts generally will not base a finding of irreparable injury on a procedural violation standing alone." (citation modified))).

Other decisions in this District have similar effect. *See*, *e.g.*, *Nat'l Parks Conservation Ass'n v. Semonite*, 282 F. Supp. 3d 284, 290 (D.D.C. 2017) (citing *Fund For Animals v. Norton*, 281 F.Supp.2d 209, 222 (D.D.C. 2003)) ("[E]ven if the Court were to assume a NEPA violation, that procedural harm standing alone is insufficient to constitute irreparable harm."); *Appalachian Voices v. Chu*, 725 F. Supp. 2d 101, 106 (D.D.C. 2010) ("[P]laintiffs' allegations of harm based on the defendants' alleged procedural violations alone are insufficient to demonstrate irreparable injury. *See Brady Campaign to Prevent Gun Violence* [v. Salazar], 612 F.Supp.2d [1], 24 [(D.D.C. 2009)] (noting that 'a procedural violation of NEPA is not itself sufficient to establish irreparable injury')").

This case law comports with the complementary line of cases holding that NEPA review is not even justiciable absent on-the-ground environmental effects and an irretrievable and irreversible commitment of resources, which Plaintiffs have failed to establish here. *See* ECF No. 15 at 20–26; *see also Save Long Beach Island v. U.S. Dep't of the Interior*, 663 F. Supp. 3d 1, 6–8 (D.D.C. 2023) (finding that the designation of five wind energy areas without any NEPA review was unripe because the designation did not authorize any surface-disturbing activities); *Comm. of 100 on Fed. City v. Foxx*, 87 F. Supp. 3d 191, 206 (D.D.C. 2015) (holding that under

NEPA "an agency may take ancillary steps towards a project before completing environmental review so long as NEPA review is complete before the agency makes an 'irreversible and irretrievable commitment of resources'" (citation omitted)).

Nor are Plaintiffs' claims justiciable in the absence of final agency action, which Plaintiffs again have failed to establish. 5 U.S.C. 704; *see, e.g.*, ECF No. 15 at 26–27; *see also Pub. Citizen v. Off. of U.S. Trade Representatives*, 970 F.2d 916, 919–21 (D.C. Cir. 1992) ("But the Supreme Court has clearly stated that judicial intervention is not proper just because the time to start work preparing an EIS has arrived. . . . In accord with *Kleppe* [*v. Sierra Club,* 427 U.S. 390 (1976)]*,* courts routinely dismiss NEPA claims in cases where agencies are merely contemplating a particular course of action but have not actually taken any final action at the time of suit."). Outside the D.C. Circuit, the Eleventh Court recently cited *Public Citizen* favorably in holding that failure to prepare an EIS by itself is not "final agency action" subject to judicial review. *Friends of the Everglades, Inc. v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 25-12873, 2025 WL 2598567, at *5 (11th Cir. Sept. 4, 2025); *see also id*. at *9 ("But, having not yet formally 'committed to funding that project,' the Federal Defendants have taken no 'major federal action' subjecting them to the procedural requirements of NEPA." (citation omitted)). Of course, Plaintiffs are not entitled to preliminary injunctive relief based on procedural injury alone, given that such alleged injury does not even present justiciable claims in the absence of actual or imminent environmental injury or final agency action.

Because an alleged procedural violation alone, in the absence of environmental injury and final agency action, is not justiciable, it certainly may not provide the basis for the further step of awarding preliminary injunctive relief.

III.    **Plaintiffs' extra-record declarations should not be considered to the extent they opine on legal standards or offer expert testimony.**

Plaintiffs bring a case under the APA. ECF No. 1. It is therefore legally impermissible to interject declarations that go beyond jurisdictional issues or irreparable harm to opine on legal issues or offer thinly veiled expert opinions, as Plaintiffs' declarations do here. "'[I]t is black-letter administrative law that in an APA case, a reviewing court considering the merits 'should have before it neither more nor less information than did the agency when it made its decision.'". *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). Although the D.C. Circuit has recognized exceptions to this rule over the years, such as for bad faith or improper behavior on the part of the agency, Plaintiffs must invoke such an exception and show how it applies. *See United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 3–4 (D.D.C. 2017) (detailing the exceptions in which extra-record evidence may be considered and how the list of exceptions has dwindled over time); *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197–98 (D.D.C. 2005). Plaintiffs have not done so here. Federal Defendants therefore object to Ms. Wright's supplemental declaration—and Plaintiffs' other proffered declarations—to the extent they opine as to what NEPA and the NHPA require or interject improper expert testimony.

\* \* \*

December 10, 2025                     Respectfully submitted,

                                     Adam R.F. Gustafson
                                     Principal Deputy Assistant Attorney General

                                     Marissa A. Piropato
                                     Deputy Chief

                                     ***/s/ Michelle Ramus***
                                     Michelle Ramus
                                     Mark Widerschein
                                     Trial Attorneys
                                     Natural Resources Section
                                     Environment & Natural Resources Division
                                     United States Department of Justice
                                     P.O. Box 7611
                                     Washington, D.C. 20044-7611
                                     Michelle.Ramus@usdoj.gov
                                     Mark.Widerschein@usdoj.gov

                                     *Counsel for Defendants*