IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CULTURAL HERITAGE PARTNERS, PLLC, et al.**, | Civil Action No. 1:25-cv-03969-DLF |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION TO CLARIFY DISPOSITIVE MOTION SCHEDULE AND ADMINISTRATIVE RECORD** |
| **DONALD J. TRUMP, et al.**, | |
| Defendants. | |

**PLAINTIFFS' MOTION TO CLARIFY DISPOSITIVE MOTION SCHEDULE AND ADMINSITRATIVE RECORD**

Plaintiffs respectfully move the Court to clarify the schedule for further proceedings and to require that Defendants first compile, certify, and file the administrative record, after which Plaintiffs may raise any record-related issues, to be further followed by briefing on Defendants' contemplated motion to dismiss and/or motion for summary judgment. This structure best harmonizes the Court's stated interest in resolving this case expeditiously with the requirements of Administrative Procedure Act ("APA") record review.

In support of this Motion, Plaintiffs state as follows:

### FACTUAL BACKGROUND

At the December 8, 2025 hearing, the Court acknowledged that Defendants intend to file a dispositive motion on or about January 20, 2026. The Court directed that if Defendants file a motion to dismiss, they should also be prepared to move, in the alternative, for summary judgment so the case can proceed promptly.

MOTION TO CLARIFY  -  Page 1

In that context, the Court asked Plaintiffs whether they could respond to a dispositive motion within fourteen (14) days, and Plaintiffs answered in the affirmative. That brief exchange occurred during a general discussion of dispositive briefing and did not address the timing or production of any administrative record. To date, however, Defendants have not compiled, certified, or filed the administrative record on which any combined motion to dismiss and motion for summary judgment would necessarily rely. In light of the Court's request that Defendants brief summary judgment in the alternative, Plaintiffs respectfully seek clarification of the schedule so that any summary-judgment practice is preceded by timely compilation, production, and review of the APA record.

## LEGAL STANDARD

Under the APA, judicial review is ordinarily confined to "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The Supreme Court has explained that such review proceeds on "the administrative record already in existence" at the time of the agency's decision, rather than on new evidence assembled in litigation. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).

In APA cases, summary judgment is thus not a substitute for discovery-driven fact development; it is the vehicle by which the court reviews the administrative record. The normal and efficient sequence is: (1) the agency compiles and certifies the record; (2) plaintiffs have an opportunity to assess whether the record is complete and, if necessary, move to complete or supplement it; and (3) the parties brief summary judgment based on that record.

**MOTION TO CLARIFY - Page 2**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

## ARGUMENT

1. **Plaintiffs do not seek to slow the case; they seek a sequence that makes APA review workable.**

   Plaintiffs appreciate the Court's desire to resolve this case promptly and are not seeking to delay that goal. Their concern is practical and procedural: APA record-review cannot be meaningfully conducted—and summary judgment cannot fairly be briefed—until an administrative record exists and Plaintiffs have had a reasonable opportunity to review it.

   If Defendants were to file a combined motion to dismiss and motion for summary judgment accompanied by an administrative record for the first time on January 20, 2026, Plaintiffs would be forced to (a) digest an entire administrative record, (b) identify any omissions and potential record-completeness issues, and (c) fully brief the merits of summary judgment—all on a compressed timetable that is not consistent with how APA record-review ordinarily works.

   By contrast, requiring Defendants to file the administrative record now, on a short but concrete timeline, and then sequencing dispositive briefing after any record issues are resolved, will allow the case to move forward efficiently and on a stable footing, without later disruption from record-completeness disputes arising in the middle of merits briefing.

2. **The Court should require the administrative record within twenty-eight (28) days, followed by a short period for record motions, and then set the dispositive-motions schedule.**

   To effectuate the Court's aim of expeditious resolution while respecting APA requirements, Plaintiffs propose the following structure:

   1. Administrative Record: Within twenty-eight (28) days of the Court's order, Defendants must compile, certify, and file the administrative record on which they contend any challenged agency actions or inactions were based.

MOTION TO CLARIFY  -  Page 3

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

2. Record Motions: Within twenty-one (21) days after the administrative record is filed, Plaintiffs may, if warranted, move to challenge the completeness of the record or seek to complete or supplement it, consistent with governing APA standards. Defendants would respond within the time provided by the Rules or as otherwise directed by the Court.

3. Dispositive Motions: After the Court resolves any record-related motions—or if none are filed—Defendants would then file any motion to dismiss and/or motion for summary judgment on a schedule set by the Court, with Plaintiffs' opposition and any reply keyed to that schedule.

This sequencing does not back away from Plaintiffs' willingness to brief dispositive motions promptly. It simply recognizes that, in an APA case, the content and completeness of the administrative record are logically and legally required prior to record-based merits briefing, and that resolving record issues up front is the most efficient way to avoid later, more disruptive disputes.

Particularly in light of Defendants' current position regarding "final agency action," it is not clear what Defendants will designate as the administrative record, or whether that designation will include all materials directly or indirectly considered by the agencies in connection with the challenged actions and inactions.

### LCVR 7(M) CERTIFICATION AND DEFENDANTS' RESPONSE

Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with counsel for Federal Defendants regarding this Motion on December 10, 2025. Counsel for Federal Defendants responded on December 11, 2025, and stated the following:

**MOTION TO CLARIFY - Page 4**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

Defendants oppose Plaintiffs' motion. Without conceding that an administrative record is appropriate in this matter where there has been no final agency action, *see* ECF No. 15 at 26–27, there is no requirement that Defendants provide a record in advance of dispositive motion briefing pursuant to this Court's rules. Under LCvR 7(n)(1), Defendants "must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint <u>or simultaneously with the filing of a dispositive motion</u>, <u>whichever occurs first</u>." Neither of those triggering events has occurred.

Plaintiffs' response being due within 14 days is also standard under this Court's rules. *See* LCvR 7(b). The Court's briefing schedule is accordingly contemplated under the local rules for review of an expedited dispositive motion. What Plaintiffs describe as "[t]he normal and efficient sequence" for an APA case, Mot. at 2, is a departure from this Court's local rules. Proceeding according to the local rules imposes no undue burden on Plaintiffs. Their request would instead shift the burden to the United States by limiting the time granted by rule to evaluate this matter in advance of the Court's deadline. It is also not clear how Plaintiffs' proposal fits with the Court's stated intent to decide the merits by March 1. Plaintiffs' request should be denied.

In response to Defendants' position, Plaintiffs respond with three points.

First, Defendants read this Court's local rules too narrowly, omitting key language regarding this Court's discretion. Local Rule 7(b) states that a response in opposition is due "[w]ithin 14 days of the date of service **or at such other time as the Court may direct**[.]" LCvR 7(b) (emphasis added). Similarly, Local Rule 7(n)(1) states that "**unless otherwise ordered by the Court**, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n)(1) (emphasis added). Thus, this Court may adopt Plaintiffs' recommended schedule, and should do so in light of the normal sequence of APA cases.

Second, Defendants conceded that this case is a record-review case in the December 8, 2025 hearing, when arguing against the inclusion of the Second Wright Declaration to the Court's

**MOTION TO CLARIFY - Page 5**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

docket. Additionally, as Plaintiffs argued in their Preliminary Injunction briefing, APA § 706(1) claims are defined as "final agency action," and are thus governed by an administrative record. *See* 5 U.S.C. §§ 706(1); 551(13), 704; *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); ECF No. 16 at 14.

Third, Defendants' position does not support fairness and function. As explained above in Section 1, requiring Plaintiffs to review the administrative record for the first time on January 20, 2026, when Defendants simultaneously submit a combined motion to dismiss and motion for summary judgment forces Plaintiffs to fully digest the record, identify record-related issues, resolve those issues, and brief the merits of summary judgment within fourteen (14) days. Meanwhile, Defendants will have months to develop the record and their briefing together. This position is unfair to Plaintiffs, who cannot brief the merits of this case on an invisible record.

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Order Defendants to compile, certify, and file the administrative record within twenty-eight (28) days of the Court's order;

2. Grant Plaintiffs twenty-one (21) days after the filing of the administrative record to move, if warranted, to challenge the completeness of the record or to seek to complete or supplement it consistent with APA standards;

3. Direct that Defendants' contemplated motion to dismiss and/or motion for summary judgment shall be filed only after the administrative record has been filed and any record-related motions have been resolved, on a schedule to be set by the Court; and

**MOTION TO CLARIFY - Page 6**

4. Enter a scheduling order consistent with the above, or, in the alternative, set a brief status/scheduling conference to establish dates for (a) record filing, (b) any record-related motions, and (c) dispositive-motion briefing.

A Proposed Order consistent with this Motion is attached

Date: December 11, 2025

        Respectfully submitted,

        /s/ Gregory Alan Werkheiser, Bar No. VA210
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (703) 408-2002
Email: greg@culturalheritagepartners.com

/s/ Marion Forsyth Werkheiser, Bar No. 486465
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: marion@culturalheritagepartners.com

/s/ Lydia Dexter, Bar No. 233151 (OR)
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: lydia@culturalheritagepartners.com
*Pro Hac Vice*

/s/ Jessie Danielle Young Barrington, Bar No. 100685 (VA)
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594

**MOTION TO CLARIFY - Page 7**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

Email: jessie@culturalheritagepartners.com
*Pro Hac Vice Admission Pending*

COUNSEL FOR PLAINTIFFS

**MOTION TO CLARIFY  -  Page 8**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiffs via CM/ECF electronic notice.

/s/ *Gregory Alan Werkheiser*

GREGORY ALAN WERKHEISER

Counsel for Plaintiffs

MOTION TO CLARIFY  -  Page 9

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594