IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CULTURAL HERITAGE PARTNERS, PLLC**, et al., | Civil Action No. 1:25-cv-03969-DLF |
| Plaintiffs, | |
| v. | **PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE** |
| **DONALD J. TRUMP**, et al., | |
| Defendants. | |

**PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE**

Plaintiffs[1] hereby move this Court, pursuant to Federal Rule of Civil Procedure 16(a), to convene an expedited telephonic status conference to address how Defendants'[2] January 29, 2026 filings implicate the current briefing schedule, including specifically: (1) Defendants' refusal to comply with the Court's December 12, 2025 Minute Order to provide an administrative record; and (2) Defendant GSA's violation of its prior sworn declarations committing not to delegate its authority over this matter prior to March 1, 2026.

The Court relied on Defendants' sworn declarations in setting the current briefing schedule, and Plaintiffs relied on the same when withdrawing their Motion for Temporary Restraining Order,

---

[1] Plaintiffs are Cultural Heritage Partners, PLLC; Gregory Alan Werkheiser; Marion Forsyth Werkheiser; and D.C. Preservation League ("DCPL").

[2] Defendants are Donald J. Trump in his official capacity as President of the United States; the General Services Administration ("GSA"); Edward Forst in his official capacity as GSA Administrator; the National Park Service ("NPS"); and Jessica Bowron in her official capacity as the NPS Comptroller.

| | |
|---|---|
| **PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 1** | Cultural Heritage Partners, PLLC 1717 Pennsylvania Avenue NW, Suite 1025 Washington, DC 20006 Office: 202-567-7594 |

Preliminary Injunction, and Expedited Hearing, ECF No. 7. In the interests of judicial economy, and prior to Plaintiffs' potential filing of amended pleadings or new motions, Plaintiffs respectfully request an expedited status conference to understand how the Court wishes to proceed.

**Defendants' Refusal to Provide an Administrative Record and Appendix**

In its December 12, 2025 Minute Order, the Court ordered Defendants to file "their motion to dismiss and motion for summary judgment" by January 20, 2026. The Court further stated that pursuant to Local Rule 7(n)(1), "[t]ogether with their motions, the defendants shall provide, on or before January 20, 2026, the administrative record to the plaintiffs and file with the Court an 'appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of' their motions." The Court also stated that "the Court will consider at the time the defendants provide the administrative record a motion to extend the date by which the plaintiffs must respond to the defendants' dispositive motions" if "the administrative record is voluminous, or if the plaintiffs identify other good cause[.]" In response to Defendants' Unopposed Motion to Modify Briefing Schedule, ECF No. 26, the Court extended Defendants' January 20, 2026 deadline for both its motions and the administrative record to January 29, 2026. Ct. Min. Order (Jan. 17, 2026).

Defendants did not provide Plaintiffs with an administrative record on or before Defendants' January 29, 2026 filing[3] and did not file with the Court an appendix containing copies of those portions of the administrative record cited or relied upon in support of their Motion, ECF

---

[3] Defendants filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, ECF No. 27; a Memorandum of Points & Authorities in Support of Their Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, ECF No. 27-1; the Declaration of Heather Martin and associated attachments, ECF No. 27-2; the Declaration of Matthew C. Quinn, ECF No. 27-3; and the Fifth Declaration of Andrew Heller and associated attachments, ECF No. 27-4.

**PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 2**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

No. 27. When Plaintiffs conferred with Defendants prior to filing this Motion, Defendants indicated that they do not intend to comply with the requirements of the Court's Order and that they oppose this Motion.[4]

The lack of an administrative record prejudices Plaintiffs' ability to respond to Defendants' dispositive Motion in the manner and within the time frame ordered by this Court. First, there are obvious holes in Defendants' narrative of their planning to alter the Eisenhower Executive Office Building ("EEOB"). Second, Defendants introduced new facts through additional declarations and documents that, too, are offered without the context and completeness that an administrative record provides. *See* ECF Nos. 27-2–27-4. For example, Attachment B[5] in the Fifth Declaration of Andrew Heller ("5th Heller Declaration") demonstrate that GSA has been engaged in detailed planning in furtherance of the President's plan to paint the stone masonry exterior of the EEOB—since August 2025, *see* ECF No. 27-4 at 9–30—but context and additional documents are noticeably absent.[6] While the emails contain references to extensive exchanges with outside

---

[4] Defendants requested the inclusion of the following language in this Motion:
> Defendants oppose an expedited status conference because no defendant has taken any final agency action, nor has any defendant failed to act on a mandatory duty. For that reason, there is no record for defendants to lodge. GSA is the only defendant agency that could have made a reviewable decision under any circumstances, so in the interest of transparency, defendants filed relevant non-privileged documents that were before GSA during the relevant time periods. *See* Dkt. 27-4, Attachment B.

[5] Defendants submitted documents as "attachments" at the end of the January 29, 2026 declarations, rather than as separate exhibits. Plaintiffs cite to these attachments by using the ECF numbering system.

[6] Plaintiff DCPL is seeking declaratory relief against GSA for violations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in a separate action. Compl., *DCPL v. GSA*, No. 1:26-cv-00032-JDB (D.D.C. Jan. 7 2026), Dkt. No. 1. On November 20, 2025, DCPL submitted a FOIA request to GSA requesting records related to planning, approval, procurement, and implementation of projects to clean, repair, repoint, paint, prime, coat, or otherwise alter the exterior of the EEOB during a specified time period. DCPL also requested expedited processing. To-date, GSA has

**PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 3**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

vendors, Defendants are withholding the actual correspondence with external vendors. While there are several references in emails to substantive attachments, Defendants are withholding any attachments. Notably, Defendants are also withholding communications and analysis conducted by the professional historic preservation staff at GSA, even though Attachment B shows that the staff knew of the plan by, at least, October 2025. ECF No. 27-4 at 19–22. Similarly, Defendants are withholding any review or comment from the GSA Federal Preservation Officer, even though Attachment B includes a November 19, 2025 email requesting the schedule and cost estimates for the EEOB Project and a November 20, 2025 response email. ECF No. 27-4 at 13–14.

**Failure to Honor Sworn Commitment Not to Delegate Authority**

Further, Defendants' January 29, 2026 filings demonstrate that GSA is seeking to contravene the commitment it made in prior sworn declarations to the Court: not to delegate its authority to alter the EEOB before March 1, 2026. ECF No. 26-1 ¶ 3. The Fourth Declaration of Andrew Heller ("Fourth Heller Declaration"), filed with the Court on January 16, 2026, cites Heller's prior three declarations and states, "This fourth declaration updates … GSA's prior commitment not to take certain steps prior to March 1, 2026."  ECF No. 26-1 ¶ 2. Heller's prior declarations pledge that GSA would not "delegate its authority pursuant to 40 U.S.C. § 121(d), or authorize any use of its gift authority pursuant to 40 U.S.C. § 3175, to perform any such actions" before dates certain, which were extended by subsequent declarations. ECF Nos. 11-1 ¶ 4, 15-1 ¶ 6. Despite Mr. Heller's repeated assurance that GSA would not delegate authority over the EEOB, Defendants now purport to have done exactly that. Though a new Memorandum of Understanding

---

failed to make a timely determination on DCPL's November FOIA Request, failed to make a determination regarding DCPL's request for expedited processing, and failed to promptly disclose responsive, non-exempt records.

**PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 4**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

("MOU"), executed on the day of the January 29, 2026 filing, GSA attempts to delegate its authority to the President's Office of Administration ("OA") to paint the EEOB white at the President's discretion. ECF No. 27-4 at 6–10.

The MOU, taken at face value, provides no assurance that the EEOB will remain unaltered while the Court considers the underlying matter or challenges to the legality of the MOU. Indeed, under the terms of the MOU, the President could order OA to commence alterations at any time. GSA's violation of its commitment not to delegate its authority to alter the EEOB prejudices Plaintiffs, because Plaintiffs, in good faith, agreed to proceed with the current briefing schedule and to withdraw their Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Hearing on the based on this commitment. In addition, the introduction of the MOU at this late date introduces new facts to which Plaintiffs would be forced to respond, again, without the benefit of a full and certified administrative record.

**Request for Expedited Status Conference**

Federal Rule of Civil Procedure 16(a) provides that a court may, in its discretion, direct attorneys for the parties to appear before it for a conference to expedite matters. Because Defendants have failed to submit an administrative record and have introduced new facts to which Plaintiffs potentially need to respond in amended pleadings, Plaintiffs' current response briefing deadline of February 17, 2026, the nature of Plaintiffs' responsive filings, and GSA's commitment not to begin certain actions affecting the EEOB only until March 1, 2026 are now at issue. ECF No. 26-1 ¶ 3.

Plaintiffs respectfully request that the Court schedule an expedited status conference to address the implications for the current briefing schedule of Defendants' refusal to comply with

**PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 5**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

the Court's December 12, 2025 Minute Order to provide an administrative record and the threat to preservation of the status quo introduced by Defendants' January 29, 2026 filing.

To streamline scheduling, counsel for Plaintiffs identify the following dates and times that they are available for a status conference:

Friday, February 6, 2026, from 9:00a.m.–10:00a.m. EST;

Monday, February 9, 2026 from 9:00a.m.–10:00a.m. EST;

Tuesday, February 10, 2026 from 10:00a.m.–11:00a.m. EST; and

Wednesday, February 11 from 11:00a.m.–12:00p.m. EST.

Plaintiffs can provide additional dates and times as requested.

Date: February 4, 2026

Respectfully submitted,
/s/ Gregory Alan Werkheiser, Bar No. VA210
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (703) 408-2002
Email: greg@culturalheritagepartners.com

/s/ Marion Forsyth Werkheiser, Bar No. 486465
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: marion@culturalheritagepartners.com

/s/ Lydia Dexter, Bar No. OR0032
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006

**PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 6**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

Tel: (202) 567-7594
Email: lydia@culturalheritagepartners.com

/s/ Jessie Barrington, Bar No. VA224
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email: jessie@culturalheritagepartners.com

COUNSEL FOR PLAINTIFFS

**PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 7**

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Defendants via CM/ECF electronic notice.

/s/ *Gregory Alan Werkheiser*
GREGORY ALAN WERKHEISER

Counsel for Plaintiffs

Case 1:25-cv-03969-DLF   Document 31   Filed 02/04/26   Page 8 of 8

PLAINTIFFS' OPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE - Page 8

Cultural Heritage Partners, PLLC
1717 Pennsylvania Avenue NW,
Suite 1025
Washington, DC 20006
Office: 202-567-7594