**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CULTURAL HERITAGE PARTNERS, PLLC, et al.**, | Civil Action No. 1:25-cv-03969-DLF |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND EXPEDITED HEARING** |
| **DONALD J. TRUMP, et al.**, | |
| Defendants. | |

**PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER,**
**PRELIMINARY INJUNCTION AND EXPEDITED HEARING**

Pursuant to Federal Rule of Civil Procedure 65(a)–(b) and Local Civil Rule 65.1, Plaintiffs Cultural Heritage Partners, PLLC, Gregory Alan Werkheiser, Marion Forsyth Werkheiser, and DC Preservation League (collectively, "Plaintiffs"), respectfully move this Court for a temporary restraining order and a preliminary injunction.

The Eisenhower Executive Office Building ("EEOB") is a National Historic Landmark. On January 29, 2026, Defendant General Services Administration ("GSA") and the White House Office of Administration ("OA") executed a Memorandum of Understanding (the "MOU") by which GSA purports to transfer to OA its authority over the cleaning, repointing, and painting of the EEOB's exterior (the "Project"). On July 20, 2026, Defendants filed a Notice of Planned Testing announcing that OA intends to begin a "Façade Condition Assessment and Painting Feasibility Study" (the "Study") on the EEOB. ECF No. 42.

1

Plaintiffs respectfully request that this Court:

A.  Immediately enter a temporary restraining order enjoining Defendant GSA, and its officers, agents, employees, contractors, and all other persons in active concert or participation with it, from initiating, undertaking, authorizing, funding, or permitting the Study or any other Project activity, including any testing, sampling, coring, cleaning, repointing, surface preparation, or application or removal of any coating on the exterior or historic fabric of the EEOB, such order to remain in effect until the Court rules on Plaintiffs' application for a preliminary injunction;

B.  Following a hearing, enter a preliminary injunction granting the relief described in Paragraph A until Defendant GSA has completed all review required by the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4347, and the National Historic Preservation Act ("NHPA"), 54 U.S.C. §§ 300101–307108;

C.  Enjoin Defendant GSA, and its officers, agents, employees, contractors, and all other persons in active concert or participation with it, from implementing, relying upon, or acting under the MOU, pending resolution of this action;

D.  Enjoin Defendant GSA from permitting OA to assume GSA's federal compliance obligations under NEPA and NHPA with respect to the Project;

E.  Order Defendant GSA to initiate, conduct, and complete all review required by NEPA and NHPA for the Project before any further Project activity occurs;

F.  Determine, for purposes of the requested preliminary relief, that Defendant GSA, and not OA, bears the federal compliance obligations under NEPA and NHPA with respect to the Project, and that GSA lacks statutory authority to delegate those obligations to OA;

G.  Order Defendant GSA to exercise its disapproval authority under Section 590(c) of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1989, Pub. L. No. 100-461, § 590(c), with respect to OA's use of any property or proceeds accepted under Section 590 to conduct the Study or any other Project activity;

H.  Waive the security requirement of Federal Rule of Civil Procedure 65(c); and

I.  Grant such other and further relief as the Court deems just and proper.

The grounds for this Motion are set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Hearing filed contemporaneously herewith, and in the declaration and exhibit submitted in support of that Memorandum, together with all other materials on file in this action. A proposed order is filed herewith pursuant to Local Civil Rule 7(c).

Plaintiffs respectfully request that the Court set a hearing on their application for a temporary restraining order at the earliest available date, and in no event later than August 3, 2026, and that the Court order that no Study activity or other Project activity occur pending that hearing. Plaintiffs further request, pursuant to Local Civil Rule 65.1(d), that the Court set a hearing on the application for a preliminary injunction at the earliest practicable date thereafter.

The facts that make expedition essential are set forth below and in the accompanying Memorandum of Law and declaration. The ordinary schedule cannot reach this harm. Under Local Civil Rule 65.1(c), Defendants' opposition is not due until seven days after service, and under Local Civil Rule 65.1(d), even where the moving party requests expedition, the Court may set a hearing on an application for preliminary injunction as late as twenty-one days after filing. Both periods run past the date on which Defendants state that testing will begin, and Defendants' own filings do not agree on that date. The Third Declaration of Heather Martin states that the Study

"will begin on July 30, 2026." ECF No. 42-1 ¶ 7. The Notice states that OA will begin testing "no earlier than August 3, 2026," and cites paragraph 20 of that declaration, which contains only the declarant's certification under 28 U.S.C. § 1746. ECF No. 42 at 1; ECF No. 42-1 ¶ 20. On either date, absent an order preserving the status quo, OA will extract core samples from, apply coatings to, and pressure-wash the exterior of a National Historic Landmark before Defendant GSA has completed the review that NEPA and NHPA require, irreparably harming the EEOB's historic fabric, appearance, and setting, and Plaintiffs' concrete aesthetic, recreational, professional, organizational, and economic interests in that property.

Respectfully submitted,

/s/ Gregory Alan Werkheiser, Bar No. VA210
Marion Forsyth Werkheiser, Bar No. 486465
Charles N. Curlett, Jr., Bar No. 497920
Lydia Dexter, Bar No. OR0032
Jessie Barrington, Bar No. VA244
Caitlin Grace McCurdy, Bar No. NH0004
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
Tel: (703) 408-2002
Emails:
greg@culturalheritagepartners.com
marion@culturalheritagepartners.com
charles@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
caitlin@culturalheritagepartners.com

COUNSEL FOR PLAINTIFFS

4

**CERTIFICATE OF COUNSEL PURSUANT TO LOCAL CIVIL RULE 65.1(a)**

Pursuant to Local Civil Rule 65.1(a), the undersigned counsel certifies that on July 30, 2026, counsel furnished counsel for Defendants with actual notice of the time of making this application, and with copies of this Motion and of all pleadings and papers filed in this action to date by CM/ECF.

/s/ **Gregory Alan Werkheiser, Bar No. VA210**
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025,
Washington, DC 20006
Tel: (202) 567-7594
Email:  greg@culturalheritagepartners.com

COUNSEL FOR PLAINTIFFS

5