**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CULTURAL HERITAGE PARTNERS, PLLC**, et al., | Civil Action No. 1:25-cv-03969-DLF |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER** |
| **DONALD J. TRUMP**, et al., | |
| Defendants. | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Renewed Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Hearing, the Memorandum of Law in support thereof, the declaration and exhibit submitted therewith, the record before the Court, and for the reasons stated in the accompanying Memorandum, Plaintiffs' Renewed Motion is **GRANTED**.

The Court finds that Plaintiffs are likely to succeed on the merits of their claims under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4347, and the National Historic Preservation Act ("NHPA"), 54 U.S.C. §§ 300101–307108; that Plaintiffs will suffer irreparable harm to the historic fabric, appearance, and setting of the Eisenhower Executive Office Building (the "EEOB"), a National Historic Landmark, absent immediate relief; that the balance of equities favors preserving the status quo pending completion of the review NEPA and NHPA require; and that the public interest favors completion of that review before irreversible work is undertaken on a National Historic Landmark. These findings state the reasons for the issuance of this Order pursuant to Federal Rule of Civil Procedure 65(d)(1)(A).

It is ORDERED that Plaintiffs' application for a temporary restraining order is GRANTED, and that, pending the Court's ruling on Plaintiffs' application for a preliminary injunction, Defendants, their officers, agents, employees, contractors, and all persons acting in concert with them, are enjoined to the same extent set forth in the paragraph immediately below. This temporary restraining order is entered upon notice to Defendants and shall remain in effect until the Court rules on Plaintiffs' application for a preliminary injunction, unless extended by order of the Court or by consent of the parties.

It is ORDERED that Defendants, their officers, agents, employees, contractors, and all persons acting in concert with them, are enjoined from initiating, undertaking, authorizing, funding, or permitting the Façade Condition Assessment and Painting Feasibility Study (the "Study") announced in Defendants' Notice of Planned Testing, ECF No. 42, or any other activity associated with the cleaning, repointing, or painting of the exterior of the EEOB (the "Project"), including but not limited to any testing, sampling, coring, cleaning, repointing, surface preparation, or application or removal of any coating on the exterior or historic fabric of the EEOB, and from taking any further steps to implement, rely upon, or act under any approvals related to the Project, unless and until Defendant U.S. General Services Administration ("GSA") has completed all legally required review under NEPA and NHPA.

It is FURTHER ORDERED that Defendant GSA shall initiate, conduct, and complete all legally required NEPA and NHPA review for the Project prior to any further Project activity.

It is FURTHER ORDERED that Defendants, their officers, agents, employees, contractors, and all persons acting in concert with them, are enjoined, pending resolution of this action, from implementing, relying upon, or acting under the January 29, 2026, Memorandum of Understanding between GSA and the White House Office of Administration ("OA").

It is FURTHER DETERMINED that, for purposes of the preliminary relief granted herein, Defendant GSA, and not OA, bears the federal compliance obligations under NEPA and NHPA with respect to the Project, and that GSA lacks statutory authority to delegate those obligations to OA.

It is FURTHER ORDERED that Defendant GSA is enjoined from allowing OA to assume GSA's federal compliance obligations with respect to the Project under NEPA and NHPA.

It is FURTHER ORDERED that Defendant GSA shall exercise its disapproval authority under Section 590(c) of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1989, Pub. L. No. 100-461, § 590(c), with respect to OA's use of any property or proceeds accepted under Section 590 to conduct the Study or any other Project activity.

It is FURTHER ORDERED that the security requirement of Federal Rule of Civil Procedure 65(c) is WAIVED.

It is FURTHER ORDERED that a hearing on Plaintiffs' application for a preliminary injunction is SET for _____, 2026, at _____ __.m., and that no Study activity or other Project activity shall occur pending that hearing.

It is FURTHER ORDERED that this injunction shall remain in full force and effect until further order of the Court or final resolution of this action.

SO ORDERED this _____ day of _____, 2026.

_____
**Dabney L. Friedrich**
United States District Judge