**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CULTURAL HERITAGE PARTNERS, PLLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 1:25-cv-03969-DLF |

Defendants respectfully submit this notice of supplemental authority concerning a new Supreme Court decision. *Nat'l Park Serv. v. Nat'l Tr. for Historic Pres. in the United States*, 609 U.S. ___, No. 26A203, 2026 WL 2564318 (U.S. Aug. 31, 2026) (*per curiam*) ("*National Trust*"). The Court granted the government's application to stay an injunction prohibiting construction of the East Wing of the White House, *id.* at *1, holding that aesthetic interests in viewing the White House likely did not suffice to establish Article III standing, *id.* at *2–3.

The National Trust for Historic Preservation in the United States ("the Trust") asserted standing based on its member's "desire to view" the East Wing in "stately simplicity." *Id.* at *3 (citation omitted). She claimed that "having to view the finished ballroom the government is constructing would cause her to suffer injuries to her aesthetic, cultural, and historical interests because she finds the scale, height, and massing of the government's design distasteful." *Id.* at *2 (citation omitted). But the Supreme Court found her asserted injuries insufficient to establish standing because "mere offense, disagreement, or distaste does not qualify as a concrete and particularized injury under Article III." *Id.*

The Court rejected the Trust member's attempt to ground her injury in a viewshed interest. *Id.* at *3 ("[T]he Trust reasons that, if the desire to view a 'particular crocodile' qualifies as a cognizable interest for purposes of Article III standing, [the member's] desire to view a new East Wing characterized by more 'stately simplicity' than the government proposes must as well."). The Court explained, "*Lujan*'s statement that the 'desire to . . . observe an animal species, even for purely esthetic purposes,' can constitute 'a cognizable interest for purpose of standing,'" did not describe a "sufficient" showing of standing. *Id.* at *3 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562–63 (1992)). Because "Article III 'requires more than an injury to a cognizable interest,'" a plaintiff must also demonstrate "that its claimed injury is 'concrete and particularized.'" *Id.* (quoting *Lujan*, 504 U.S. at 560, 563).

Unlike the court of appeals, the Supreme Court held that the Trust's member failed to establish a concrete and particularized injury. *Id.* The D.C. Circuit found likely standing based on the member's lost "opportunity to view Lafayette Square with the intentional architectural symmetry of the 235-year-old L'Enfant Plan" while recreating. *Nat'l Tr. for Historic Pres. in the United States v. Nat'l Park Serv.*, No. 26-5123, 2026 WL 2276494, at *17 (D.C. Cir. Aug. 7, 2026), The Supreme Court, by contrast, held that her "desire to view" a symmetric White House demonstrated nothing beyond "'the psychological consequence presumably produced by observation of conduct with which one disagrees,'" *Nat'l Trust*, 2026 WL 2564318, at *2–3 (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U. S. 464, 485 (1982)). And the member could not transmute that psychological effect into an Article III injury by invoking her "expertise in historic architecture," as the Supreme Court's standing cases "contain no such special carveout." *Id.* at *3.

It was thus irrelevant that the Trust's member used the affected area and would derive less aesthetic and recreational value because of the East Wing. Whereas the D.C. Circuit found the member "'adequately alleged' an injury in fact" by "'aver[ring] that she uses the affected area' and is an individual 'for whom the aesthetic and recreational values of the area will be lessened,'"[1] the Supreme Court rejected the Trust's use-by-viewing theory of standing, *Nat'l Trust*, 2026 WL 2564318, at *2–3 ("standing is unavailable where, as here, the only injury a plaintiff asserts stems from offense, disagreement, or distaste"). Thus, as the Chief Justice succinctly explained the majority's holding, "'I want to look at the White House' cannot" sufficiently "answer the ever critical 'what's it to you?' question of Article III standing," "no matter how distinctive the particular viewer's interest in looking at it may be." *Id.* at *6 (Roberts, C.J., dissenting).

In this case, Plaintiffs allege that OA painting the EEOB without complying with NEPA and the NHPA will impair their "aesthetic, recreational, professional, and educational" interests. Am. Compl. ¶¶ 6, 11–12. The mere prospect of painting the EEOB without the Werkheisers' preferred process does not constitute a concrete injury. Plaintiffs' allegations that they have established particularized and imminent injuries are indistinguishable from the Trust member's averments that "she greatly values" "view[ing] Lafayette Square" and "the architectural significance it embodies." *Nat'l Tr.*, 2026 WL 2276494, at *17–18. The Supreme Court rejected her attempts to inflate her viewing interests: "Article III standing, we have consistently held, is not measured by the intensity of the litigant's interest, or by a litigant's special interest in the subject." *Nat'l Tr.*, 2026 WL 2564318, at *3 (citation modified). Thus, Plaintiffs' personal and professional experiences cannot transform distaste for painting the EEOB into concrete and particularized

---

1 *Nat'l Tr.*, 2026 WL 2276494, at *15 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 183 (2000), citation modified).

injuries required for Article III standing. *See id.* This case is "squarely controlled" by *National Trust*, which addressed a "similar" question of standing and "does not otherwise differ from [this case] in any pertinent respect." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) (finding an interim order controlling). "Lower court judges may sometimes disagree with this Court's decisions, but they are never free to defy them." *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part). "[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982) (*per curiam*).

For all these reasons, *National Trust* mandates that the Court grant Defendants' Motion to Dismiss. Dkt. No. 38.

DATE: September 9, 2026

Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General

Marissa Piropato
Deputy Chief, Natural Resources Section

***/s/ Michelle Nkeng***

Mark Widerschein
Michelle Nkeng
Natural Resources Section
Energy & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Mark.Widerschein@usdoj.gov
Michelle.Nkeng@usdoj.gov

*Counsel for Defendants*