**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CULTURAL HERITAGE PARTNERS, PLLC, et al.**,

Plaintiffs,

v.

**DONALD J. TRUMP, et al.**,

Defendants.

Civil Action No. 1:25-cv-03969-DLF

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

On September 9, 2026, Defendants filed a Notice of Supplemental Authority, ECF No. 51, concerning the recent stay issued by the Supreme Court in *National Park Service v. National Trust for Historic Preservation in the United States*, No. 26A203, 2026 WL 2564318, 609 U.S. ___ (U.S. Aug. 31, 2026) (per curiam) ("*National Trust*"). Defendants contend that "*National Trust* mandates that the Court grant Defendants' Motion to Dismiss. Dkt. No. 38." ECF No. 51 at 4. Defendants are wrong. The Supreme Court's interim order in *National Trust* does not bind this Court in this case. First, the Supreme Court's characterization of the plaintiff's interests in *National Trust* and the particularized nature of the injury to those interests does not control the outcome here. Second, the interim order's application is narrow, only affecting standing in limited circumstances that involve solely aesthetic injuries. Third, the facts and asserted injuries in this case are readily distinguishable from those in *National Trust*, as Defendants themselves have argued when it benefits them. Thus, the interim order in *National Trust* does not support Defendants' pending Motion to Dismiss.

First, the Supreme Court's framing of Professor Alison Hoagland's interests and of the particularized nature of the injury to those interests does not control here. Plaintiffs respectfully disagree with the factual predicate for the Supreme Court's determination that Professor Hoagland lacks standing in *National Trust*. Importantly, though, the Supreme Court's interim order does not expressly or implicitly alter decades of standing precedent; instead, it contorts Hoagland's aesthetic interests and the concrete harm to those interests as mere psychological injury so as not to satisfy the requirement that injury be concrete and particularized. But the Court's interim order does not dictate the outcome of this case. As was true prior to issuance of the interim order, "[t]o establish the concrete and particularized injury that standing requires," a plaintiff 's demonstration that his "mere esthetic interests" are affected "will suffice." *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009). As discussed herein, Plaintiffs have identified more than aesthetic interests. But even had they identified only aesthetic interests, the harm Plaintiffs will incur to those interests suffices for Article III standing. The key is that the aesthetic interests must be affected in a concrete and particularized way.[1] Where a government action interferes in a particular way with a plaintiff's documented aesthetic interests, as Defendants' Project does here, the requirement to demonstrate concrete and particularized injury is satisfied. *See Summers*, 555 U.S. at 494; *see also National Trust*, 2026 WL 2564318, at *2.

Second, the interim order's application is narrow. Defendants overstate the reach of the Supreme Court's limited order;[2] the order does not affect Plaintiffs' standing declarations or

---

[1] Principally, the reason that the Supreme Court found that the plaintiffs did not have standing in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562–65 (1992), was because the plaintiff's "'some day' intentions" to return to view the endangered species was not an "actual or imminent" aesthetic injury. The Supreme Court found that viewing such species could be a cognizable and concrete aesthetic interest. *See id.*

[2] *National Trust* is an unsigned per curiam order resolving an emergency application for a stay, and the Supreme Court took care to cabin it. The Court emphasized that "[t]oday, we do not pass

arguments. Contrary to Defendants' cursory effort to equate apples with oranges, this case "differ[s] from [*National Trust*] in … pertinent respect[s]," such that the Supreme Court's interim order in that case does not bind this Court. *See Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). The plaintiff in *National Trust* sought an injunction "focused not on the already-completed demolition of the East Wing but on halting the ongoing construction of a new one." *National Trust*, 2026 WL 2564318, at *1. The Supreme Court stayed the district court's injunction pending the filing and disposition of a petition for a writ of certiorari based in part on its conclusion that the government was likely to prevail in showing that the plaintiff lacks standing where the plaintiff asserted injury based on "mere offense, disagreement, or distaste" with planned construction. *Id.* at *2.

The Court focused on the plaintiff's asserted injuries to her "aesthetic, cultural, and historical" interests that would be harmed "because she finds the 'scale,' 'height,' and 'massing' of the government's design distasteful." *Id.* However, the Court explicitly distinguished between cases where "the only injury a plaintiff asserts stems from offense, disagreement, or distaste" and cases "where the plaintiff's injuries involved *more* than mere offense" and were thus adequate to establish standing based on injuries to aesthetic and recreational interests. *Id.* (emphasis in original). The Supreme Court reaffirmed the reasoning in its previous decisions examining injury to aesthetic and recreational interests. *Id.* at *2–3 (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167 (2000), and *Summers*, 555 U.S. at 494). Importantly, while the Court stated that "the 'desire to … observe an animal species, even for purely esthetic purposes,' can constitute 'a cognizable interest for purpose of standing[,]'" it is not a "concrete and

upon the legality of the government's East Wing project," and concluded "only that, based on the submissions before us, the government is likely to prevail in showing that the Trust lacks Article III standing to challenge the project in federal court." *National Trust*, 2026 WL 2564318, at *4.

particularized" injury where the interest is harmed only by "'distress at or disagreement with' a defendant's actions[.]" *National Trust*, 2026 WL 2564318, at *3.

Defendants improperly attempt to broaden the Supreme Court's limited analysis of the particular facts of *National Trust* and assert that harm to aesthetic interests will never be sufficient to establish a concrete and particularized injury. ECF No. 51 at 1–2. That is not what the Supreme Court said, and it is contrary to decades of binding Court precedent. Further, Defendants wrongly equate the *National Trust* plaintiff's asserted injuries to Plaintiffs' asserted injuries here. The harms are not the same, and Plaintiffs here assert injuries stemming from far more than mere "offense, disagreement, or distaste." Nor are the factual circumstances in *National Trust* and this case similar. Here, Defendants' Project will harm an existing, undamaged structure. Defendants' Project threatens Plaintiffs' concrete aesthetic, recreational, professional, and educational interests, and deprives them of procedural protections designed to safeguard those interests. *See, e.g.*, ECF Nos. 7-3, 7-15, 7-16, 16-1, 16-2, 39-1, 39-2, 39-3, 39-4.

Third, the interests of Plaintiffs and the interests of the *National Trust* plaintiff are not identical, nor are the harms to the Eisenhower Executive Office Building ("EEOB") and White House, respectively.[3] Here, Plaintiffs object to Defendants' plan to paint the EEOB white because the Government's own standards for historic preservation state that granite should not be painted because painting historically unpainted masonry irreparably harms the building. In this case, the EEOB is a protected National Historic Landmark that remains standing and is currently in its original condition with unpainted granite. Plaintiffs' interests in continuing to view, study, and

[3] Notably, when asked to file a sur-reply addressing the D.C. Circuit's decision, *National Trust for Historic Preservation in the United States v. National Park Service*, No. 26-5123, 2026 WL 2276494 (D.C. Cir. Aug. 7, 2026), Defendants distinguished Plaintiffs standing arguments from the injuries alleged by Professor Hoaglan in *National Trust*. *See generally* ECF No. 46.

appreciate the EEOB are different from Professor Hoagland's objections to the design of the to-be-constructed ballroom since the original East Wing was unceremoniously demolished. Plaintiffs have never framed this as a matter of taste or style or offense; their declarations document aesthetic, professional, educational, and recreational uses of the EEOB in its unpainted state. *See, e.g.*, ECF Nos. 7-3, 7-15, 7-16.[4] Those are precisely the interests Congress sought to protect. One of the purposes of the National Historic Preservation Act ("NHPA") is to "encourage the public and private preservation and utilization of all usable elements of the Nation's historic built environment[.]" 54 U.S.C. § 300101(5).[5]

By painting and thus damaging the EEOB, Defendants will prevent Plaintiffs from appreciating the EEOB in its natural, unpainted historic setting and would infringe on their ability to recreate in the Lafayette Square National Historic Landmark District as well as injure Plaintiffs educational and professional interests in studying and teaching about the EEOB. ECF No. 7-3 ¶ 17 ("The unpainted gray stone and contrast with the White House are central to the aesthetic experience we value when attending professional meetings and engaging in recreational activities in Lafayette Square and President's Park. Painting the building will permanently diminish our enjoyment of the area and reduce its value as a recreational and professional setting."). The

---

[4] In testimony before the Commission of Fine Arts, Plaintiff Greg Werkheiser stated, "This building matters—and that what is proposed here is not a matter of taste, but of permanence." Greg Werkheiser, *Remarks on the President's Plan to Paint the [EEOB]*, Remarks before the U.S. Comm'n of Fine Arts (Apr. 16, 2026), https://dcpreservation.org/wp-content/uploads/2026/04/20260417-EEOB-at-CFA-Werkheisers-Remarks.pdf. Plaintiff Greg Werkheiser also said "our complaint isn't about the president's taste... [y]ou can have really bad taste. You can have really good taste. What we're asking for is you comply with the law." Piper Hudspeth Blackburn & Betsy Klein, *Preservationists sue over Trump's latest plans to refashion a federal building to match his aesthetic*, CNN (Nov. 16, 2025), https://www.cnn.com/2025/11/16/politics/trump-sued-over-plans-to-paint-eisenhower-building-in-washington.

[5] The applicability of the NHPA to the EEOB is a statutory construction question squarely before the Court in this case, whereas the NHPA was not an issue in *National Trust.*

Supreme Court's interim order in *National Trust* staying the district court's injunction does not affect Plaintiffs' standing declarations or arguments in this case and should not influence this Court's decision on Defendants' pending Motion to Dismiss.

Dated: September 10, 2026

Respectfully submitted,

/s/ Gregory Alan Werkheiser, Bar No. VA210
Marion Forsyth Werkheiser, Bar No. 486465
Lydia Dexter, Bar No. OR0032
Jessie Barrington, Bar No. VA244
Caitlin Grace McCurdy, Bar No. NH0004
Charles N. Curlett, Jr., Bar No. 497920
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
Tel: (703) 408-2002
Emails:
greg@culturalheritagepartners.com
marion@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
caitlin@culturalheritagepartners.com
charles@culturalheritagepartners.com

COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Defendants via CM/ECF electronic notice.

**/s/ *Gregory Alan Werkheiser*____**
*GREGORY ALAN WERKHEISER*
Attorney for Plaintiffs