UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CULTURAL HERITAGE PARTNERS, PLLC, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.

Case No. 1:25-cv-03969-DLF

**Joint Status Report**

Pursuant to the Court's Minute Order of August 18, 2026, the parties respectfully provide this Joint Status Report "informing the Court about the current status of the EEOB project." Minute Order (August 18, 2026).

Defendants state as follows:

1. SGH continues to analyze all information gathered from their condition assessment and coating feasibility study to develop findings with respect to the work objectives. They expect this work to continue for several weeks.
2. OA continues to work through the Section 106 consultation process, including receiving and reviewing public comments in response to the documents published in the Federal Register.

Plaintiffs state as follows:

1. In the October 20, 2026 Joint Status Report, Plaintiffs described serious deficiencies in OA's draft Environmental Assessment ("EA") for the EEOB, including the EA's acknowledgment that painting the historic granite would adversely affect the EEOB and nearby historic properties, identification for the first time of a Cleaning and

Lighting Alternative that would not cause adverse effects, and absence of completed technical findings and comparative financial analysis. ECF No. 55 ¶¶ 1–7. Yet, OA continues unabated toward the November 16, 2026, public-comment deadline. The Government thus proposes closing public comment before completing and disclosing technical analysis bearing directly on the necessity, feasibility, and consequences of its preferred alternative. Plaintiffs reiterate that the comment period should not close before the relevant findings are disclosed and interested parties have a reasonable opportunity to evaluate them.

2. Developments in other litigation concerning federally controlled, nationally significant properties in Washington, D.C., reinforce the practical importance of timely disclosure, meaningful review, and judicial oversight before potentially irreversible physical alterations occur. The existence of judicial orders, ongoing inquiries, and documented project failures provide context for why it is critical that this Court receives complete and accurate status information about the EEOB Project.

3. On October 26, 2026, the court in *D.C. Preservation League v. Department of the Interior* granted a preliminary injunction restricting the cutting, felling, or removal of trees in furtherance of the East Potomac Golf Course redesign absent advance written notice to the court and plaintiffs. Order at 70, No. 1:26-cv-00477-ACR (D.D.C. Oct. 26, 2026), ECF No. 101. At an October 30 hearing, Judge Reyes announced an inquiry into whether government lawyers or officials made misrepresentations or otherwise engaged in misconduct in connection with representations about project planning and

tree removal.[1]

4. Separately, litigation over the proposed Triumphal Arch at Memorial Circle has proceeded amid government indications that construction could begin as early as November 5, 2026, while emergency relief remains under consideration. *See* Notice at 1, *Lemmon v. Trump*, No. 1:26-cv-00544-TSC (D.D.C. Oct. 21, 2026), ECF No. 63; Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction at 1, 7, 13, *Lemmon v. Trump*, No. 1:26-cv-00544-TSC (D.D.C. Oct. 22, 2026), ECF No. 64. Recent government representations reportedly describe a military or security function for the proposed Arch in addition to its previously described commemorative purpose, a material change in the project purpose, which would normally require reconsideration of earlier preservation reviews and consultation. Defendants' Opposition to Plaintiffs' Second Motion for Preliminary Injunction at 43–45, *Lemmon v. Trump*, No. 1:26-cv-00544-TSC (D.D.C. Oct. 28, 2026), ECF No. 74; *see generally* Declaration of Pete Hegseth, *Lemmon v. Trump*, No. 1:26-cv-00544-TSC (D.D.C. Oct. 28, 2026), ECF No. 74-9.

5. Litigation concerning the Kennedy Center likewise illustrates the significance of advance notice, transparency, and access to information when substantial changes to a nationally significant building are contemplated. On September 17, 2026, in response to renewed threats by the President to demolish the Kennedy Center, Judge Cooper required more than 30 days' written notice before certain changes could occur, including demolition of the main building. *See* Minute Order, *Beatty v. Trump*, No.

---

[1] *See* Rachel Treisman, *Judge orders an inquiry into potential DOJ misconduct in Trump's golf course case*, NPR (Oct. 30, 2026), https://www.npr.org/2026/10/30/nx-s1-6023328/east-potomac-reyes-misconduct-inquiry-doj.

1:25-cv-04480-CRC (D.D.C. Sept. 17, 2026). The litigation has since produced a substantial discovery dispute concerning the administration's efforts to withhold communications about the President's involvement in decisions affecting the Center. *See* Notice, *Beatty v. Trump*, No. 1:25-cv-04480-CRC (D.D.C. Oct. 2, 2026), ECF No. 95; Plaintiff's Motion to Compel, *Beatty v. Trump*, No. 1:25-cv-04480-CRC (D.D.C. Oct. 5, 2026), ECF No. 96; Defendants' Response to Motion to Compel, *Beatty v. Trump*, No. 1:25-cv-04480-CRC (D.D.C. Oct. 6, 2026), ECF No. 97. Counsel for Representative Joyce Beatty has sought to compel production of emails and text messages asserting that the communications are relevant to determining how and by whom decisions concerning the Center were made. Plaintiff's Motion to Compel at 5, 24–25, *Beatty v. Trump*, No. 1:25-cv-04480-CRC (D.D.C. Oct. 5, 2026), ECF No. 96. Defendants have asserted presidential communications privilege over disputed materials, and Judge Cooper scheduled a November 3 status conference concerning the motion to compel. *See* Minute Order, *Beatty v. Trump*, No. 1:25-cv-04480-CRC (D.D.C. Oct. 30, 2026). In the present case, Plaintiffs have challenged the placement of responsibility for the EEOB Project within the OA, whose position within the Executive Office of the President presents substantial obstacles to obtaining project records through the Freedom of Information Act. Although the legal issues differ, both cases raise concerns about whether the public, affected parties, and reviewing courts can obtain the information necessary to evaluate the actual purposes, decision-making authority, and consequences of proposed alterations to nationally significant buildings.

6. The Lincoln Memorial Reflecting Pool provides a further, concrete illustration of the risks posed by proceeding with physical interventions on accelerated schedules without

fully resolving technical issues. According to reporting on an August 6 contractor-commissioned inspection, a recently installed liner failed in at least 85 locations, including buckling at eight of ten expansion joints, nearly 40 areas of blistering, and nearly two dozen areas of peeling.[2] The report also identified problems involving material selection and premature refilling before adequate curing, rather than attributing these failures to vandalism.[3]

7. These matters underscore why meaningful review must precede irreversible action, and the importance of complete, timely information. In the present case, Plaintiffs previously explained that four status reports filed between August 25 and October 6, did not disclose OA's ongoing preparation of the EA and coordinated environmental and historic preservation reviews, notwithstanding the Court's directive to report on the current status of the EEOB Project. ECF No. 55 ¶ 6. The technical studies remain incomplete even as the administrative process advances toward the November 16 comment deadline. Plaintiffs respectfully reiterate their request that Defendants disclose testing results and technical findings generated to date, identify remaining analyses and expected completion dates, and explain how the public and consulting parties will have a meaningful opportunity to review the completed information before

---

[2] *See* Meg Kelly, Klara Auerbach, & Amy Brittain, *Reflecting Pool liner failed in 85 places after flawed renovation, inspection found*, THE WASH. POST (Oct. 14, 2026), https://www.washingtonpost.com/investigations/interactive/2026/10/14/reflecting-pool-liner-failed-more-places-than-previously-reported-inspection-found/; Marina Dunbar, *Company hired for Trump's reflecting pool makeover reportedly admits flaws in plan*, THE GUARDIAN (Sept. 11, 2026), https://www.theguardian.com/us-news/2026/sep/11/reflecting-pool-repair-company-plan-flaws.

[3] *See* Kelly et al., *supra* note 2.

any final decision or irreversible alteration.

8. Plaintiffs continue to object to OA's assumption of responsibility for the EEOB Project and its environmental and historic preservation reviews in place of the General Services Administration or another appropriate federal agency.

Dated: November 3, 2026

Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General

Marissa Piropato
Deputy Chief, Natural Resources Section

***/s/ Michelle Nkeng***
Mark Widerschein
Michelle Nkeng
Natural Resources Section
Energy & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Michelle.Nkeng@usdoj.gov
Mark.Widerschein@usdoj.gov

*Counsel for Defendants*

***/s/ Caitlin Grace McCurdy (w/ permission)***

Charles N. Curlett, Jr., Bar No. 497920
Gregory Alan Werkheiser, Bar No. VA210
Marion Forsyth Werkheiser, Bar No. 486465
Jessie Barrington, Bar No. VA244
Caitlin Grace McCurdy, Bar No. NH0004
Lydia Dexter, Bar No. OR0032
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, DC 20006
Tel: (703) 408-2002
Email:
charles@culturalheritagepartners.com
greg@culturalheritagepartners.com
marion@culturalheritagepartners.com
jessie@culturalheritagepartners.com
caitlin@culturalheritagepartners.com
lydia@culturalheritagepartnerts.com
COUNSEL FOR PLAINTIFFS